**In re Earl Franklin NUNLEY and Monique Andrea Nunley, Debtors.**

**William L. LANCASTER, III., Trustee,**

**v.**

**Monique Andrea NUNLEY and Anthony P. Nunley.**

**Bankruptcy No. 3–81–01863.**
**Adv. No. 3–82–0100.**

United States Bankruptcy Court,
E. D. Tennessee,
Northeastern Division.

April 13, 1982.

William S. Nunnally, Greeneville, Tenn., for plaintiff.

Kyle K. King, Greeneville, Tenn., for defendant.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

CLIVE W. BARE, Bankruptcy Judge.

### FINDINGS OF FACTS:

The above action came on to be heard on this the 5th day of April, 1982, upon the Complaint to Compel Turnover of Property, and the Answer thereto, and the oral proof introduced at the hearing, together with exhibits.

The Court finds that the property which is the subject of this action is $2964.76 in cash which had been placed into a savings account at the First National Bank in Greeneville, Tenn., on September 4, 1981, in the joint names of Anthony P. Nunley and Monique A. Nunley. The said Monique A. Nunley is one of the debtors in the bankruptcy action above. Anthony P. Nunley is her son, and not a debtor in this action.

The Trustee takes the position that by reason of the nature of the account, same being a joint account with signature cards executed by both defendants and with right of survivorship, that same results in joint ownership of said monetary account; that the said Monique A. Nunley withdrew said account in the amount of $2964.76, delivering same to her son, the defendant, Anthony P. Nunley, and that said sum or a portion thereof, constitutes an asset of the debtor, Monique A. Nunley. The debtor and defendant, Monique Andrea Nunley, and the defendant, Anthony P. Nunley, insist that the funds belong to Anthony P. Nunley, who is in the United States Military Service and that this represents his pay, together with an enlistment bonus he received for volunteering.

The Court finds that signature cards with right of survivorship were executed by Monique A. Nunley and Anthony P. Nunley; that the said Monique A. Nunley explained to the representative of First National Bank who opened the account that the funds belonged to her son, Anthony P. Nunley, and that she wished to place funds which she would be receiving in an account, and that she would need to withdraw from this account from time to time to send the funds to her son as he would request them. The bank clerk suggested a joint account arrangement to accomplish the stated purpose, and same was executed and signature cards were signed by both defendants. The account contains the Social Security number of Anthony P. Nunley, but not that of Monique A. Nunley and for such significance as may be attached thereto, the first name on the account is that of Anthony P. Nunley followed by that of Monique A. Nunley.

The Court finds that the funds belonged to the defendant, Anthony P. Nunley; that same were deposited according to the representations as set out by the said Monique A. Nunley, the bank clerk having testified that she had no independent recollection of the transaction.

### CONCLUSIONS OF LAW:

The Tennessee Supreme Court in the case of *Lowry v. Lowry*, 541 S.W.2d 128 (Tenn., 1976), has held that a bank signature card

containing an agreement in clear and unambiguous language that a joint account with rights of survivorship is intended, creates a joint tenancy enforceable according to its terms. However, the Court in *Lowry*, supra., was very careful to point out that this result would obtain only in the absence of clear and convincing evidence of a contrary intent expressed at the time of its execution. This holding was reaffirmed in the recent case of *Simmons v. Foster*, 622 S.W.2d 838 (Tenn., 1981).

In the findings of facts set out above, the Court concludes that there was clear and convincing evidence of such contrary intent expressed at the time of the opening of the account and the execution of the signature cards, and that the intent was clearly expressed that the funds were those of Anthony P. Nunley, who is not a debtor in this proceeding, and that the debtor and defendant, Monique A. Nunley, deposited the funds under the understanding that she would withdraw them from time to time at the request of the owner of the funds, Anthony P. Nunley.

The Court, therefore, concludes that none of said funds belong to the debtor, Monique Andrea Nunley, and the Complaint to Compel Turnover of Property filed by the Trustee is dismissed.